IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA MCSPARRAN,<br>    Plaintiff | :<br>: |
| v. | : CIVIL NO. 1:13-CV-1932 |
| COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA DEPARTMENT OF ENVIRONMENTAL PROTECTION, KELLY HEFFNER, and JEFFREY LOGAN,<br>    Defendants | :<br>:    (Judge Caldwell)<br>:<br>:<br>:<br>:<br>:<br>: |

*M E M O R A N D U M*

Plaintiff is Patricia McSparran. Defendants are the Commonwealth of Pennsylvania (the Commonwealth); the Pennsylvania Department of Environmental Protection (DEP); Kelly Heffner, at the relevant time, DEP's Deputy Secretary for Water Management in the Office of Water Management; and Jeffrey Logan, DEP's Executive Deputy Secretary for Administration and Management.

Plaintiff was formerly DEP's Director of the Bureau of Waterways Engineering and Wetlands, a position where she was Heffner's immediate subordinate. She brought this suit alleging she was given unequal pay, subjected to harassment and then fired from her job, all on the basis of her sex.

Before the court is Plaintiff's motion (Doc. 104) under Fed. R. Civ. P. 56(d) seeking additional discovery to be used in opposing Defendants' pending motion for summary judgment. The motion is accompanied by her counsel's penalty-of-perjury

declaration. Plaintiff seeks the following discovery concerning males she alleges are comparators for the purpose of her discharge claim: "electronic communication records/emails 2004-2012 for relevant male co-workers Dana Aunkst, Marcus Kohl, Tom Bold, Glenn Rider, John Hines, Duke Adams and Jeffrey Means and . . . the discipline and job history for Tom Bold, Joseph Sieber and Gary Obleski for the time period 2004 through the present." (Doc. 104, Pl.'s Mot., at ECF p. 7).

If a nonmoving party believes she needs additional discovery to adequately oppose a summary-judgment motion, she may file an affidavit or declaration under Fed. R. Civ. P. 56(d). That Rule provides:

> (d) **When Facts Are Unavailable to the Nonmovant**.
>
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

The affidavit or declaration must "detail[ ] what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 255 n.3 (3d Cir. 2007)(internal quotation marks and quoted case omitted). But as long as the necessary information is provided, the requirements of an affidavit or declaration need not always be complied with. *St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994). We

have discretion in considering a Rule 56(d) motion, and the factors listed above in *Doe* are not exhaustive. *Superior Offshore Int'l, Inc. v. Bristow Group, Inc.*, 490 F. App'x 492, 501 (3d Cir. 2012)(nonprecedential)(quoting *Horvath v. Keystone Health Plan East, Inc.*, 333 F.3d 450, 458 (3d Cir. 2003)). "Where information sought is not relevant to the court's inquiry, a Rule 56(d) motion for discovery may be denied." *Taylor v. Hughes*, 548 F. App'x 822, 825 (3d Cir. 2013)(nonprecedential). "In regards to a summary judgment motion, a fact is material if proof of its existence or nonexistence 'might affect the outcome of the suit.'" *Id.* (quoted case omitted).

Plaintiff's motion was prompted by Defendants' submission on their motion for summary judgment of evidence concerning: (1) numerous e-mails between Plaintiff and Joseph Sieber or Gary Obleski in which Plaintiff expresses negative criticisms of co-workers; (2) the Commonwealth's policy on e-mail usage relating to security; and (3) the presence of work e-mails on Plaintiff's home computer in alleged violation of that policy. The substance of the e-mails is set forth at Defendants' Statement of Material Facts (DSMF), Doc. 91 ¶¶ 66-76. The evidence relating to the alleged violation of the e-mail policy is at DSMF ¶¶ 62-65 and ¶¶ 77-81.

In their brief in support of summary judgment, Defendants state they had a legitimate nondiscriminatory reason for discharging Plaintiff, that Plaintiff's attitude and certain conduct was not supportive of Heffner or the agency. (Doc. 90, ECF p. 9-10). They also argue that Plaintiff's e-mails demonstrate behavior and attitudes "entirely consistent" with this reason. (*Id.*, ECF p. 11). Based on the alleged violation of the e-

mail policy, which Defendants represent was not discovered until after Plaintiff's discharge, they further argue that Plaintiff's damages should be limited, based on this "after-acquired evidence" defense. They cite *Nesselrotte v. Allegheny Energy, Inc.*, 615 F. Supp. 2d 397, 402-03 (W.D. Pa. 2009), in support. (Doc. 90, ECF pp. 29-30).

Plaintiff argues that the e-mails of the alleged male comparators have now become discoverable because Defendants' position on summary judgment contradicts their earlier position that e-mails are irrelevant to the case. Plaintiff points to Defendants' motion in limine to exclude certain e-mails involving Tom Bold containing sex-based derogatory jokes and pornography, a motion we granted by agreeing with Defendants that the Bold pornographic e-mails were irrelevant to Plaintiff's claims. *McSparran v. Pennsylvania*, 2016 WL 687992, at *3 (M.D. Pa. Feb. 18, 2016). Plaintiff contends Defendants' current position contradicts their earlier one because they now assert her e-mail usage is a legitimate nondiscriminatory reason for her discharge. She also contends that the after-acquired evidence defense is also based on the theory that her e-mail usage is a valid reason for her discharge. (Doc. 112, Pl.'s Br. in support, ECF pp. 3, 8). Plaintiff therefore argues she is entitled to discovery on her male comparators' e-mail records to determine if they engaged in similar e-mail usage and yet were not disciplined or fired. She seeks access to the discipline and job history for Tom Bold, Joseph Sieber and Gary Obleski by asserting it is necessary to respond to the new after-acquired evidence defense. (Doc. 121, Pl.'s reply brief, at ECF p. 11).

We disagree with Plaintiff's position. As Defendants correctly point out, they have not argued on summary judgment that her e-mail usage (more accurately, her e-mail contents) are a legitimate reason for her discharge, only that the contents are consistent with the reason they give for firing her. As Defendants also correctly point out, their after-acquired evidence defense is not based on the contents of her e-mails but on the allegation that she possessed e-mails on her home computer in violation of the e-mail policy.[1]

Plaintiff also argues that Defendants violated Local Rule 7.6 by filing their opposition brief three days late and Local Rule 7.8(a) by not including in their opposition brief a counter-statement of facts. We have discretion to depart from our local rules and will do so here because Plaintiff has not alleged she suffered any unfair prejudice from the violations. *See Veverka v. Royal Caribbean Cruises Ltd.*, 649 F. App'x 162, 167 (3d Cir. 2016)(nonprecedential)(citing *United States v. Eleven Vehicles*, 200 F.3d 203, 215 (3d Cir. 2000)).

---

[1] Plaintiff also seems to have a mistaken understanding of what constitutes comparator evidence. A comparator cannot be, as Plaintiff assumes, an employee outside the protected class who may have committed any violation of the rules but was not disciplined. A comparator is an employee who is "similarly situated" to the plaintiff. "A determination of whether employees are similarly situated takes into account factors such as the employees' job responsibilities, the supervisors and decision-makers, *and the nature of the misconduct engaged in*." *Wilcher v. Postmaster General*, 441 F. App'x 879, 882 (3d Cir. 2011)(nonprecedential)(emphasis added). "In determining whether similarly situated nonmembers of a protected class were treated more favorably than a member of the protected class, the focus is on the particular criteria or qualifications identified by the employer as the reason for the adverse action." *Simpson v. Kay Jewelers*, 142 F.3d 639, 647 (3d Cir. 1998). Hence, at the very least, Plaintiff's comparator evidence would have to show that the comparator exhibited the same behavior that she did but was not disciplined.

We will deny Plaintiff's motion under Fed. R. Civ. P. 56(d).

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 24, 2017