IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PATRICIA MCSPARRAN, :
    Plaintiff :
:
  v. : CIVIL NO. 1:13-CV-1932
:
COMMONWEALTH OF :
PENNSYLVANIA, PENNSYLVANIA : (Judge Caldwell)
DEPARTMENT OF :
ENVIRONMENTAL PROTECTION, :
KELLY HEFFNER, and JEFFREY :
LOGAN, :
    Defendants :

*M E M O R A N D U M*

    Plaintiff is Patricia McSparran. Defendants are the Commonwealth of Pennsylvania (the Commonwealth); the Pennsylvania Department of Environmental Protection (DEP); Kelly Heffner, at the relevant time, DEP's Deputy Secretary for Water Management in the Office of Water Management; and Jeffrey Logan, DEP's Executive Deputy Secretary for Administration and Management.

    Plaintiff was formerly DEP's Director of the Bureau of Waterways Engineering and Wetlands, a position where she was Heffner's immediate subordinate. She brought this suit alleging she was given unequal pay, subjected to harassment and then fired from her job, all on the basis of her sex.

    Before the court is Plaintiff's motion (Doc. 105) for reconsideration of our order of February 18, 2016, granting Defendants' motion in limine. The order excluded from evidence certain e-mails involving Tom Bold, an alleged comparator for the purpose

of Plaintiff's discharge claim. The e-mails contained gender-based jokes derogatory to women and pornography. We excluded the e-mails on the basis that they were not relevant. *McSparran v. Pennsylvania*, 2016 WL 687992, at *3 (M.D. Pa. Feb. 18, 2016).

Plaintiff's reconsideration motion is prompted by Defendants' submission on their motion for summary judgment of evidence concerning: (1) numerous e-mails between Plaintiff and Joseph Sieber or Gary Obleski in which Plaintiff expresses negative criticisms of co-workers; (2) the Commonwealth's policy on e-mail usage relating to security; and (3) the presence of work e-mails on Plaintiff's home computer in alleged violation of that policy. The substance of the e-mails is set forth at Defendants' Statement of Material Facts ((DSMF), Doc. 91 ¶¶ 66-76. The evidence relating to the alleged violation of the e-mail policy is at DSMF ¶¶ 62-65 and ¶¶ 77-81.

In their brief in support of summary judgment, Defendants state they had a legitimate nondiscriminatory reason for discharging Plaintiff, briefly that Plaintiff's attitude and certain conduct was not supportive of Heffner or the agency. (Doc. 90, ECF p. 9-10). They also argue that Plaintiff's e-mails demonstrate behavior and attitudes "entirely consistent" with this reason. (*Id.*, ECF p. 11). Based on the alleged violation of the e-mail policy, which Defendants represent was not discovered until after Plaintiff's discharge, they further argue that Plaintiff's damages should be limited, based on this "after-acquired evidence" defense. They cite *Nesselrotte v. Allegheny Energy, Inc.*, 615 F. Supp. 2d 397, 402-03 (W.D. Pa. 2009), in support of this defense. (Doc. 90, ECF pp. 29-30).

Plaintiff argues that the Bold e-mails are now relevant and admissible because Defendants' position on summary judgment contradicts their earlier position that the e-mails are irrelevant.[1] Plaintiff contends Defendants' current position contradicts their earlier one because they now assert her e-mail usage is a legitimate nondiscriminatory reason for her discharge.  (Doc. 113, Pl.'s Br. in support, ECF p. 8). She also contends that the after-acquired evidence defense is also based on the theory that her e-mail usage is a valid reason for her discharge.  (*Id.*, ECF p. 9).  Plaintiff therefore argues she is entitled to introduce into evidence her male comparator's e-mail records because the failure to discipline Bold for his e-mail usage while disciplining Plaintiff for hers is relevant to Plaintiff's claims of disparate treatment.

The order on the motion in limine was interlocutory because further proceedings were contemplated in this court.  A court may revise an interlocutory order "when consonant with justice to do so."  *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); *In re Anthanassious*, 418 F. App'x 91, 95 (3d Cir. 2011) (nonprecedential) (quoting *Jerry*).  More specifically, a trial court may revise an interlocutory order if that order "might lead to an unjust result."  *Id.* (quoted case omitted).

Employing this standard, we disagree with Plaintiff's position.  As Defendants correctly point out, they have not argued on summary judgment that her e-mail usage (more accurately, her e-mail contents) are a legitimate reason for her

---

[1] Alternatively, Plaintiff requests that we preclude Defendants from relying on e-mail usage and strike DSMF ¶¶ 62 through 81.

discharge, only that the contents are consistent with the reason they give for firing her. As Defendants also correctly point out, their after-acquired evidence defense is not based on the contents of her e-mails but on the allegation that she possessed e-mails on her home computer in violation of the e-mail policy.

Plaintiff also argues that Defendants violated Local Rule 7.6 by filing their opposition brief three days late and Local Rule 7.8(a) by not including in their opposition brief a counter-statement of facts. We have discretion to depart from our local rules and will do so here because Plaintiff has not alleged she suffered any unfair prejudice from the violations. *See Veverka v. Royal Caribbean Cruises Ltd.*, 649 F. App'x 162, 167 (3d Cir. 2016)(nonprecedential)(citing *United States v. Eleven Vehicles*, 200 F.3d 203, 215 (3d Cir. 2000)).

We will deny Plaintiff's motion for reconsideration of our order of February 18, 2016, which granted Defendants' motion in limine.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: February 24 , 2017