# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA MCSPARRAN, | : |
| Plaintiff, | : |
| v. | : 1:13-CV-01932 |
| | : (JUDGE MARIANI) |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : |
| Defendants. | : |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Plaintiff Patricia McSparran's motion (Doc. 132) for reconsideration of the Court's memorandum and order dated February 24, 2017 (Docs. 125, 126) which denied Plaintiff's motion (Doc. 104) under Fed. R. Civ. P. 56(d) seeking additional discovery to be used in opposing Defendants' then pending motion for summary judgment. Defendants' motion for summary judgment (Doc. 80) was also decided on February 24, 2017. The motion was granted (Doc. 130), but on January 11, 2018, the Court vacated its judgment in part and allowed certain claims to proceed to trial (see Docs. 163, 164).

On February 5, 2018, this case was re-assigned to the undersigned.

### II. STANDARD OF REVIEW

A motion for reconsideration is used "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)(quoting *Max's Seafood Café ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677

(3d Cir. 1999)). The motion must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* It cannot be used simply to reargue issues that the Court has already considered and disposed of. *Blanchard v. Gallick*, 2011 WL 1878226, at *1 (M.D. Pa. 2011)(citing *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002)). Nor can it "be used as a means to argue new facts or issues that were not presented to the court in the context of the matter previously decided." *Worbetz v. Ward North America, Inc.*, 54 F. App'x 526, 533 (3d Cir. 2002).

## III. ANALYSIS

In her Rule 56(d) motion, Plaintiff sought the following discovery concerning males she alleges are comparators for the purpose of her discharge claim: "electronic communication records/emails 2004-2012 for relevant male co-workers Dana Aunkst, Marcus Kohl, Tom Bold, Glenn Rider, John Hines, Duke Adams and Jeffrey Means and . . . the discipline and job history for Tom Bold, Joseph Sieber and Gary Obleski for the time period 2004 through the present." (Doc. 104, Pl.'s Rule 56(d) Mot., at 7).[1]

---

[1] If a nonmoving party believes she needs additional discovery to adequately oppose a summary-judgment motion, she may file an affidavit or declaration under Fed. R. Civ. P. 56(d). That Rule provides:

> **(d) When Facts Are Unavailable to the Nonmovant.**
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>     (1) defer considering the motion or deny it;
>     (2) allow time to obtain affidavits or declarations or to take discovery; or
>     (3) issue any other appropriate order.

2

Plaintiff's motion was prompted by Defendants' submission on their motion for summary judgment of evidence concerning: (1) numerous e-mails between Plaintiff and Joseph Sieber or Gary Obleski in which Plaintiff expresses negative criticisms of co-workers; (2) the Commonwealth's policy on e-mail usage relating to security; and (3) the retention of work e-mails on Plaintiff's home computer after her termination in alleged violation of that policy. The substance of the e-mails is set forth at Defendants' Statement of Material Facts ("DSMF") in support of summary judgment (see Doc. 91, at ¶¶ 66-76). The evidence relating to the alleged violation of the e-mail policy by having work e-mails on her home computer is at DSMF ¶¶ 62-65 and ¶¶ 77-81.

In their brief in support of summary judgment, Defendants stated they had a legitimate nondiscriminatory reason for discharging Plaintiff, that Plaintiff's attitude and certain conduct was not supportive of Heffner or the agency. (Doc. 90, at 9-10). They also argued that Plaintiff's e-mails demonstrated behavior and attitudes "entirely consistent" with this reason. (Id. at 11). Additionally, based on the alleged violation of the e-mail policy, which Defendants represented was not discovered until after Plaintiff's discharge, they further argued that Plaintiff's damages should be limited, based on this "after-acquired evidence" defense. Defendants cited Nesselrotte v. Allegheny Energy, Inc., 615 F. Supp. 2d 397, 402-03 (W.D. Pa. 2009), in support of this position. (Doc. 90, at 29-30).

In her Rule 56(d) motion, Plaintiff argued that the e-mails of the alleged male comparators had become discoverable because Defendants' position on summary judgment contradicted their earlier position that e-mails are irrelevant to the case. Plaintiff

3

pointed to Defendants' motion in limine to exclude certain e-mails involving Tom Bold containing pornography and sex-based derogatory jokes, a motion the Court granted by agreeing with Defendants that the Bold pornographic e-mails were irrelevant to Plaintiff's claims. *McSparran v. Pennsylvania*, 2016 WL 687992, at *3 (M.D. Pa. Feb. 18, 2016).

In moving for discovery under Rule 56(d), Plaintiff contended that Defendants' summary-judgment position contradicted their earlier one because they now asserted her e-mail usage is a legitimate nondiscriminatory reason for her discharge. (Doc. 112, Pl.'s Br. in support, at 3, 8). She also contended that their after-acquired evidence defense was also based on the theory that her e-mail usage was a valid reason for her discharge. (*Id.* at 3). Plaintiff therefore argued she was entitled to discovery on her male comparators' e-mail records to determine if they engaged in similar e-mail usage and yet were not disciplined or fired. She sought access to the discipline and job history for Tom Bold, Joseph Sieber and Gary Obleski by asserting it was necessary to respond to the new after-acquired evidence defense. (Doc. 121, Pl.'s reply brief, at 11).

The Court rejected Plaintiff's position, stating:

> As Defendants correctly point out, they have not argued on summary judgment that her e-mail usage (more accurately, her e-mail contents) are a legitimate reason for her discharge, only that the contents are consistent with the reason they give for firing her. As Defendants also correctly point out, their after-acquired evidence defense is not based on the contents of her e-mails but on the allegation that she possessed e-mails on her home computer in violation of the e-mail policy.

*McSparran v. Pennsylvania*, 2017 WL 736813, at *2 (M.D. Pa. Feb. 24, 2017).

In moving for reconsideration, Plaintiff makes the following arguments. First, in its ruling on the Rule 56(d) motion, the Court conceded that e-mail usage was relevant when it stated that "the contents are consistent with the reason they give for firing her." 2017 WL 736813, at *2. It follows for Plaintiff that the personnel records and e-mails she seeks are discoverable. However, Plaintiff has taken the Court's statement out of context. As the above quotation shows, the Court was responding to Plaintiff's argument that the material sought was discoverable because Defendants had just taken the position, contrary to their previous one, that Plaintiff's e-mail usage was a legitimate nondiscriminatory reason for her discharge. As the Court noted, Defendants had not said that her e-mail usage was a reason for her discharge, only that the contents of her e-mails were consistent with the reason for her discharge. The Court therefore declined to grant the requested discovery on the erroneous reason Plaintiff advanced, i.e. that Defendants had now admitted that Plaintiff's e-mail usage was a legitimate nondiscriminatory reason for her discharge.

Plaintiff argues that after the parties filed their motions for summary judgment, the Commonwealth released a report on November 22, 2016, which is sometimes referred to as the "Porngate Report." The report, (Doc. 133-4), Exhibit A to Plaintiff's motion, deals with the widespread use of the Commonwealth's e-mail system to send and receive inappropriate e-mails, including pornography and sex-based derogatory jokes. Plaintiff argues the report buttresses her request for the personnel records of the named individuals here because the Porngate Report indicates the Commonwealth and DEP did not enforce their e-mail policies and the "discovery of the requested personnel record and emails for the

5

named male comparators are anticipated to disclose absence of any discipline, counseling or warnings." (Doc. 134, Pl.'s Br. in Supp. at 8-9). This Court disagrees. For at least one reason, the report has no relevance to the discovery sought – Plaintiff was not disciplined in Porngate (and Plaintiff had no connection whatsoever to that scandal either). There is therefore no comparator evidence that would make the Porngate Report relevant.[2]

Pursuing this comparator argument, in her reply brief, Plaintiff argues Tom Bold is a comparator because he was not disciplined for his involvement in the Porngate e-mails. A comparator must be similarly situated, and Plaintiff points out that "'similarly situated' does not mean identically situated, citing *Opsatnik v. Norfolk Southern Corp.*, 335 F. App'x 220, 222 (3d Cir. 2009). Plaintiff thus argues that Bold is a valid comparator because his Porngate e-mails were "sexually abusive and vulgar," (Doc. 144, Pl.'s Reply Br., at 4), but he was never disciplined for this e-mail usage. Plaintiff adds that co-workers Sieber and Obleski were also not disciplined for their e-mail usage. (*Id.* at 6). The argument fails for the simple reason that Plaintiff was also not disciplined for her e-mail usage.

Plaintiff also argues that discovery of the personnel records would have provided evidence she could have used to rebut the Court's conclusion in its memorandum on summary judgment that Jeffrey Means and Duke Adams, her co-workers, were not valid comparators. The Court stated there that "Plaintiff presented no evidence that Means and

---

[2] A comparator is an employee who is "similarly situated" to the plaintiff. "A determination of whether employees are similarly situated takes into account factors such as the employees' job responsibilities, the supervisors and decision-makers, *and the nature of the misconduct engaged in.*" *Wilcher v. Postmaster Gen.*, 441 F. App'x 879, 882 (3d Cir. 2011)(emphasis added).

6

Adams engaged in the same conduct as she did but were allowed to keep their jobs." (Doc. 129, at 44). The argument lacks merit. In that memorandum, the Court was discussing the reason given for Plaintiff's discharge, her interpersonal conduct, not any improper e-mail usage, which was not a reason for Plaintiff's discharge in any event.

In her reply brief, Plaintiff argues that *Williams v. Wells Fargo Fin. Acceptance*, 564 F. Supp. 2d 441 (E.D. Pa. 2008), and *Abdul-Latif v. Cnty. of Lancaster*, 990 F. Supp. 2d 517 (E.D. Pa. 2014), support her motion. Both cases are distinguishable as in both the proffered reason for discharge was sending e-mails in violation of the employer's e-mail policy. *Williams*, 564 F. Supp. 2d at 443; *Abdul-Latif*, 990 F. Supp. 2d at 523. That was not the proffered reason for discharge here.

Further, the Court has considered all other arguments Plaintiff has made and finds them without merit.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's motion (Doc. 132) for reconsideration of the Court's order dated February 24, 2017, (Doc. 126), which denied Plaintiff's motion (Doc. 104) under Fed. R. Civ. P. 56(d).

Robert D. Mariani
United States District Judge